UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
J.C. McCRARY,

                       Petitioner,

**OPINION & ORDER**
CV-12-2867 (SJF)

-against-

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E D N Y

★ FEB 26 2013 ★

WILLIAM LEE, Superintendent of
Green Haven Correctional Facility,

LONG ISLAND OFFICE

                       Respondent.
------------------------------------------------------X
FEUERSTEIN, J.

I.    Introduction

On January 25, 2007, a judgment of conviction was entered against petitioner J.C. McCrary ("petitioner") in the County Court of the State of New York, Nassau County (Brown, J.) ("the trial court"), upon a jury verdict finding him guilty of two (2) counts of robbery in the first degree, one (1) count of criminal possession of a weapon in the second degree and three (3) counts of criminal possession of a weapon in the third degree, and imposition of sentence. On June 4, 2012, petitioner filed a petition in this Court seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, accompanied by a motion seeking discovery pursuant to Rule 6 of the Rules Governing Section 2254 Cases in the United States District Court ("Habeas Rules"). For the reasons set forth below, petitioner's motion is denied.

II.    Background

On January 25, 2007, a judgment of conviction was entered against petitioner in the

1

County Court of the State of New York, Nassau County, upon a jury verdict finding him guilty of two (2) counts of robbery in the first degree, one (1) count of criminal possession of a weapon in the second degree and three (3) counts of criminal possession of a weapon in the third degree, and imposition of sentence.

Petitioner appealed his judgment of conviction to the Supreme Court of the State of New York, Appellate Division, Second Judicial Department ("Appellate Division") on the grounds, *inter alia*: (1) that the police did not have reasonable suspicion to pursue and seize him, and lacked probable cause to arrest him; (2) that the physical evidence recovered near the arrest location was discarded as a spontaneous reaction to unlawful police conduct; and (3) that the trial court's denial of his trial counsel's request to reopen the suppression hearing deprived him of a fair trial.

By order dated March 23, 2010, the Appellate Division affirmed the judgment, finding, *inter alia*: (1) that the hearing court properly denied the branches of petitioner's motion seeking to suppress physical evidence and identification testimony; (2) that the trial court did not improvidently exercise its discretion in denying petitioner's motion, made during the trial, to reopen the suppression hearing; and (3) that petitioner's remaining contentions were unpreserved for appellate review pursuant to New York Criminal Procedure Law § 470.05(2) and, in any event, were without merit. People v. McCrary, 71 A.D.3d 1049, 896 N.Y.S.2d 876 (2d Dept. 2010). On August 20, 2010, the Court of Appeals of the State of New York denied petitioner's application for leave to appeal to that court from the March 23, 2010 order of the Appellate Division affirming his judgment of conviction. People v. McCrary, 15 N.Y.3d 807, 908 N.Y.S.2d 167, 934 N.E.2d 901 (N.Y. 2010).

In or around January 2011, petitioner filed a *pro se* motion pursuant to Section 440.10 of the New York Criminal Procedure Law ("the 440.10 motion") seeking to vacate his judgment of conviction on the grounds, *inter alia*, that the prosecution failed to disclose exculpatory material in violation of Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), i.e., three (3) minutes and twenty (20) seconds of alleged missing information from the police Mobile Data Transmission ("MDT")/Radio Message Log for the two (2) officers he claims testified falsely at trial. By decision dated April 13, 2011, the Supreme Court, Nassau County (Calabrese, J.) summarily denied petitioner's 440.10 motion finding, *inter alia*: (1) that since petitioner had been provided with the MDT logs prior to trial, he "could have explored th[o]se issues on the record in a manner providing adequate basis for review on appeal;" (2) that petitioner's arguments were unsupported by the facts; (3) that the MDT logs did not contradict nor undermine the officers' testimony; and (4) that there was no evidence that there was missing information pertaining to the MDT logs that had not been provided to petitioner. By order dated September 22, 2011, the Appellate Division denied petitioner's application for leave to appeal from the January 2011 order denying his 440.10 motion. By order dated November 23, 2011, the Court of Appeals of the State of New York denied petitioner's application seeking leave to appeal to that court from the order denying his 440.10 motion.

By order dated November 1, 2011, the Appellate Division denied petitioner's application for a writ of error coram nobis to vacate the March 23, 2010 order on the ground of ineffective assistance of appellate counsel, finding that petitioner had failed to establish that he was denied the effective assistance of appellate counsel. People v. McCrary, 89 A.D.3d 752, 931 N.Y.S.2d 891 (2d Dept. 2011). On January 11, 2012, the Court of Appeals of the State of New York

3

denied petitioner's application for leave to appeal to that court from the November 1, 2011 order of the Appellate Division. People v. McCrary, 18 N.Y.3d 884, 939 N.Y.S.2d 754, 963 N.E.2d 131 (N.Y. 2012).

On June 4, 2012, petitioner filed a petition in this Court seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging: (1) that he was denied his due process right to a fair trial based upon: (a) the prosecution's use of false hearsay testimony to establish probable cause for his arrest (Point I), (b) the trial court's denial of his trial counsel's request to reopen the suppression hearing (Point II), (c) the prosecution's use of material false testimony at trial and failure to disclose Brady material (Point III), and (d) judicial bias with respect to the denial of his 440.10 motion (Point IV); and (2) that he was denied his Sixth Amendment right to the effective assistance of counsel on appeal (Point V). Respondent filed his return to the petition on August 23, 2012.

Pending before the Court is petitioner's motion for discovery. Specifically, petitioner seeks production of the following documents: "Unit 107A's daily activity log, Global Positioning Satellite (GPS) records, and radio transmissions for September 3, 2005, from 19:51:17 to 19:54:37 p.m. [sic]." Petitioner seeks those documents in order "to substantiate Points III and V of his petition: the suppression of Brady material by the State and ineffective assistance of appellate counsel." (Mot., ¶ 2).

III. Discussion

Rule 6(a) of the Habeas Rules provides, in pertinent part, that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may

limit the extent of discovery."

Although "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course," Bracy v. Gramley, 520 U.S. 899, 904, 117 S. Ct. 1793, 138 L. Ed. 2d 97 (1997), "discovery may be granted upon a showing of good cause." Drake v. Portuondo, 321 F.3d 338, 346 (2d Cir. 2003) (quotations and citation omitted). "[W]here specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is * * * entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." Harris v. Nelson, 394 U.S. 286, 300, 89 S. Ct. 1082, 22 L. Ed. 2d 281 (1969); see also Drake, 321 F.3d at 345.

"The Court may, in its discretion, deny discovery where the petitioner provides no specific evidence that the requested discovery would support his habeas corpus petition." Hirschfeld v. Commissioner of Division of Parole, 215 F.R.D. 464, 465 (S.D.N.Y. 2003). If the petitioner shows good cause for discovery, "Rule 6(a) [of the Habeas Rules] makes it clear that the scope and extent of such discovery is a matter confided to the discretion of the District Court." Bracy, 520 U.S. at 910, 117 S.Ct. 1793.

To prevail on a Brady claim, a petitioner must demonstrate: (1) that the evidence is favorable to him, either because it is exculpatory or impeaching; (2) that the government suppressed the evidence, either willfully or inadvertently; and (3) that the evidence was material to the defense, i.e., that prejudice ensued. Skinner v. Switzer, 131 S. Ct. 1289, 1300, 179 L. Ed. 2d 233 (2011); Strickler v. Greene, 527 U.S. 263, 281-82, 119 S. Ct. 1936, 144 L. Ed. 2d 286 (1999). Since, *inter alia*, petitioner has not shown that any non-disclosed Brady material, i.e.,

5

material that is exculpatory or impeaching, actually exists, or that the material he seeks would be material to the outcome of his criminal proceeding, he has not established good cause for the discovery he seeks. See, e.g. Taylor v. Poole, No. 07 Civ. 6318, 2009 WL 2634724, at * 28 (S.D.N.Y. Aug. 27, 2009), report and recommendation adopted by 2011 WL 3809887 (S.D.N.Y. Aug. 26, 2011) ("Without any showing that the evidence existed, [the petitioner] has no basis to claim that the government withheld it."); Mannino v. Graham, No. 06 cv 6371, 2009 WL 2058791, at * 9 (E.D.N.Y. July 15, 2009) ("[T]o establish a Brady violation, a petitioner must initially establish that the evidence sought, in fact, existed." (quotations and citation omitted)). Specifically, petitioner has not presented any proof that the two (2) officers in fact testified falsely during the criminal proceeding against him, or that the materials he seeks would actually demonstrate the falsity of the officers' testimony. Mere speculation that exculpatory or impeaching evidence was withheld is insufficient to establish good cause for a discovery request. See Mallet v. Miller, 432 F. Supp. 2d 366, 377-78 (S.D.N.Y. 2006). "Rule 6 does not license a petitioner to engage in a 'fishing expedition' by seeking documents "merely to determine whether the requested items contain any grounds that might support his petition, and not because the documents actually advance his claims of error.'" Ruine v. Walsh, No. 00 Civ. 3798, 2005 WL 1668855, at * 6 (S.D.N.Y. July 14, 2005) (quoting Charles v. Artuz, 21 F. Supp. 2d 168, 170 (E.D.N.Y. 1998)); see also Williams v. Bagley, 380 F.3d 932, 974 (6th Cir. 2004) ("Rule 6 does not 'sanction fishing expeditions based on a petitioner's conclusory allegations.'" (quoting Rector v. Johnson, 120 F.3d 551, 562 (5th Cir. 1997)). Accordingly, petitioner's motion for discovery is denied.

6

IV. Conclusion

For the foregoing reasons, petitioner's motion for discovery is denied.

SO ORDERED.

s/ Sandra J. Feuerstein

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: February 26, 2013
Central Islip, New York