UNITED STATES COURT OF APPEALS
SECONDS CIRCUIT

In re JC McCRARY

        Petitioner,

PETITION FOR WRIT OF
MANDAMUS TO THE UNITED
STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
AND TO THE HONORABLE
SANDRA J. FEUERSTEIN
JUDGE.

2cv 2867-SJF

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 19 2013 ★

LONG ISLAND OFFICE

JC MCCRARY, PRO SE
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York 12582

QUESTION PRESENTED

    Whether mandamus should issue to the United States District Court for Eastern District of New York compelling that court to decide Petitioner's 28 U.S.C. § 455(a) Affidavit of Bias or Prejudice, seeking recusal, that has been pending before the court for 90 days.

UNITED STATES COURT OF APPEALS
SECOND CIRCUIT

In re JC McCRARY,

Petitioner,

PETITION FOR WRIT OF
MANDAMUS TO THE UNITED
STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
AND TO THE HONORABLE
SANDRA J. FEUERSTEIN
JUDGE.

The Petitioner herein respectfully pray that, pursuant to 28 U.S.C. § 1651(a), the All Writs Act, a Writ of Mandamus be issued in McCrary v. Lee, CV 12-2867, to compel the United States District Court, Eastern District of New York, the Honorable Sandra J. Feuerstein, District Court Judge, to decide the 28 U.S.C. 455(a) Affidavit of Bias or Prejudice, seeking recusal, which has been pending in the court for 90 days.

JURISDICTION

The jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1651(a).

STATEMENT OF THE CASE

The district court has jurisdiction over McCrary's federal habeas petition pursuant to 28 U.S.C. §§ 2241 and 2254.

On June 4, 2012, McCrary filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In Point III of the petition McCrary raised a <u>Brady</u> prosecutorial misconduct claim alleging:

a) Police Officers Ciaccio and Lopez contrived their trial testimony of sitting at the intersection of Front Street and Uniondale Avenue at 7:52 p.m., when they observed Petitioner running along the side of 1027 Front Street, which had just been robbed, to place Unit 107A at a propitious location of observation to explain how officer Hillman arrested Petitioner when the 7:54:10 dispatch about the robbery did not include a description of the suspect. (Pet. p. 33; Motion for Discovery, p. 2, ¶ 6).

b) Respondent in its Affirmation in Opposition conceded that at 7:51:17 p.m. Ciaccio and Lopez were running a vehicle registration and license check on Luis F. Mejia, 299 Locust Avenue, Uniondale [ ] and that the State did not deny Petitioner's factual allegations that Ciaccio and Lopez were not sitting at the intersection of Front Street and Uniondale Avenue, as falsely testified to at trial, but at a different location involved with Mejia in a traffic stop (Pet. pp. 33-34; Motion for Discovery, pp. 2-3, ¶ 7).

c) Unit 107A's radio transmissions (Pet. Ex. C) indicates that Unit 107A arrived at 1027 Front Street at 7:54:37 p.m. as backup, contrary to their trial testimony of being on the scene by happenstance at 7:52 p.m. (Pet. p. 35; Motion for Discovery, p. 4, ¶ 11).

McCrary filed a motion for discovery at the same time he filed his habeas petition requesting Unit 107A's Daily Activity Log, Radio transmissions, and GPS records for September 3, 2005, from 19:51:17 to 19:54:37 p.m., to establish his <u>Brady</u> claim.

Respondent's answer did not deny McCrary's specific allegations of fabrication against Ciaccio and Lopez. Respondent simply asserted that McCrary could not "prove, show, or establish" that nondidsclosed <u>Brady</u> actually exist (Answer,

pp. 45-47), and that McCrary's request for discovery was nothing more than a fishing expedition related to his groundless and speculative claim that there exists <u>Brady</u> material which was not provided to him (Answer, p. 67).

On February 26, 2013, Judge Feuerstein denied McCrary discovery of Unit 107A's daily activity log, GPS records, and radio transmissions stating:

> "Petitioner has not presented any proof that the (2) officers in fact testified falsely during the criminal proceeding against him, or that the materials he seeks would actually demonstrate the falsity of the officers testimony." (Court's Decision, p. 6).

On March 14, 2013, McCrary filed an Affidavit of Bias or Prejudice, 28 U.S.C. § 455(a), requesting Judge Feuerstein to recuse herself from the case based on her refusal to acknowledge Respondent's admission that Ciaccio and Lopez fabricated their trial testimony as alleged in the petition and motion for discovery.

Federal Rule Civil Procedure 8(b)(6) states:

> "An allegation -- other than one relating to the amount of damages -- is admitted if a responsive pleading is required and the allegation is not denied." See e.g., **Hammerer v. Huff**, 110 F.2d 113 (App. D.C.1939).

Judge Feuerstein's refusal to acknowledge Respondent's admissions as evidence that proves McCrary's allegations of fabrication against Officers Ciaccio and Lopez demonstrates that McCrary cannot have a fair and impartial trial before the judge.

## REASON FOR GRANTING THE WRIT

Pursuant to 28 U.S.C. § 1651(a), Petitioner McCrary now respectfully request this court to issue a Writ of Mandamus

directing the United States District Court for the Eastern District of New York, the Honorable Judge Feuerstein, to immediately, within a time certain, render a decision on McCrary's 28 U.S.C. § 455(a) Affidavit of Bias or Prejudice seeking recusal. The writ should be issued in this case because a final decision on McCrary's habeas petition is presently being held in limbo because of the court's abdication of its responsibility to decide McCrary's motion seeking recusal.

The Second Circuit Court of Appeals may issue writs of mandamus to inferior courts pursuant to 28 U.S.C.A. 1651, the All Writs Act. **U.S. v. Lasker**, 481 F.2d 229(2d Cir.1973). In **Will v. Calvert Fire Ins. Co.,** 437 U.S. 655(1978) the Supreme Court expressly recognized the authority of court of appeals to issue a writ of mandamus to compel an inferior court to decide a case:

> There can be no doubt that, where a district court persistently and without reason refuses to adjudicate a case properly before it, the court of appeals may issue the writ "in order that [it] may exercise the jurisdiction of review given by law."

**Will v. Calvert Fire Ins. Co.,** 437 U.S. at 661-662. A determination regarding how long a decision my be delayed is subject to review for an abuse of discretion. **Chandle v. Judicial Council of Ten Circuit of U.S.,** 398 U.S. 74, 90 S.Ct. (1970). Unquestionably, only exceptional circumstances amounting to a judicial usurpation of power will justify the invocation of mandamus. **Will v. U.S.,** 389 U.S. 90, 95 (1967). The party seeking mandamus has the burden of showing that the right to issuance of the writ is "clear and indisputable." **Bankers Life**

5

& Cas. Co. v. Holland, 346 U.S. 379, 384(1953). Mandamus may be used when the party requesting the writ has no other adequate remedy. Kerr v. U.S. District Court for Northern Dist. of California, 426 U.S. 394, 403(1976).

The Petitioner meet each of these criteria for issuance of a writ of mandamus to the United States District Court for the Eastern District of New York. The District Court's failure to decide the motion for recusal is exceptional and merits relief. This court offers the only available forum for redress of this abuse of discretion by the District Court.

Initially, the Respondent's answer to McCrary's habeas petition did not deny McCrary's specific allegations of fabrication against Officers Ciaccio and Lopez. Based on this lack of denial, McCrary requested in his reply that the court grant him summary judgment on his Brady prosecutorial misconduct claim citing Walker v. Johnston, 312 U.S. 275, 284(1941) based on the facts admitted. At the time, McCrary was unaware of Federal Rule Civil Procedure 8(b)(6) and decided cases holding it impermissible to assert in a required responsive pleading that [petitioner] could not "prove, show, or establish" a claim. Such responses are held to admit the allegations. See e.g., Westfield High School L.I.F.F. Club v. City of Westfield, 249 F.Supp.2d 98, n. 4(D.C. Mass.2003); Mahanor v. U.S., 192 F.2d 873(1st Cir.1951).

Nonetheless, ignoring the Respondent's inadequate answer which asserted that McCrary could not "prove, show, or establish" that non-disclosed Brady material exist, without denying

6

directly denying the allegations that nondisclosed <u>Brady</u> material exist in Unit 107A's daily activity log, GPS records, and radio transmissions as to Ciaccio's and Lopez's position at 7:52 p.m. contrary to their trial testimony, or the allegations of fabrication against Ciaccio and Lopez, Judge Feuerstein denied discovery stating:

> Since, inter alia, petitioner has not shown that any non-disclosed <u>Brady</u> material, i.e., material that is exculpatory or impeaching, actually exist, or that the materials he seeks would be material to the outcome of his criminal proceeding, he has not established good cause for the discovery he seek []
> (Court's decision, pp. 5-6).
>
> Specifically, petitioner has not presented any proof that the two (2) officers in fact testified falsely during the criminal proceeding against him, or that the material he seeks would actually demonstrate the falsity of their testimony.
> (Court's decision, p. 6).

Judge Feuerstein's refusal to acknowledge Respondent's Fed. R. Civ. P. 8(b)(6) admissions, by failure to deny, as evidence admitting the nondisclosure <u>Brady</u> and fabrication of testimony allegations against Ciaccio and Lopez, demonstrates McCrary cannot have a fair and impartial trial before the judge.

Under the circumstances presented, the 90 days delay in deciding the 28 U.S.C. § 455(a) Affidavit of Bias or Prejudice is exceptional and unreasonable.

For the reasons stated above, Petitioner respectfully pray that this court grant his request for a Writ of Mandamus to the United States District Court for the Eastern District of New York, the Honorable Judge Feuerstein.

JC McCrary hereby declare under the penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing statements of facts are true and correct.

Dated: June 14th, 2013.

                                      Respectfully submitted,
                                      JC McCrary
                                      DIN# 07A1127
                                      Green Haven C.F.
                                      P.O. Box 4000
                                      Stormville, NY 12582

CERTIFICATE OF SERVICE

I hereby declare under the penalty of perjury that on this 14th day of June, 2013, I placed in the hands of Green Haven Correctional Facility employees, to be mailed via First Class mail, a copy of a WRIT OF MANDAMUS to be mailed to the following party:

Honorable Sandra J. Feuerstein
U.S. District Court Judge
100 Federal Plaza
Central Islip, NY 11722

Signed,

JC McCrary
DIN# 07A1127
Green Haven C.F.
P.O. Box 4000
Stormville, NY 12582

Dated: June 14th, 2013

CERTIFICATE OF SERVICE

    I hereby declare under the penalty of perjury that on this 14th day of June, 2013, I placed in the hands of Green Haven Correctional Facility employees, to be mailed via First Class mail, a copy of a WRIT OF MANDAMUS to be mailed to the following party:

    Honorable Sandra J. Feuerstein
    U.S. District Court Judge
    100 Federal Plaza
    Central Islip, NY 11722

                                Signed,
                                JC McCrary
                                DIN# 07A1127
                                Green Haven C.F.
                                P.O. Box 4000
                                Stormville, NY 12582

Dated: June 14th, 2013

June 14, 2013

Clerk of the Court
U.S. District Court
100 Federal Plaza
Central Islip, NY 11722

    Re: McCrary v. Lee (CV 12-2867)(SJF)

Dear Clerk:

    Please find enclosed a copy of a Petition of Writ of Mandamus to be service on the Honorable Sandra J. Feuerstein.

                                      Signed,

                                      JC McCrary, 07A1127
                                      Green Haven C.F.
                                      P.O. Box 4000
                                      Stormville, NY 12582

(Legal) Mail

**GREEN HAVEN CORRECTIONAL FACILITY**
P.O. BOX 4000
STORMVILLE, NEW YORK 12582-4000

NAME: JC McCrary  DIN: 07A1127

Clerk of the U.S. Court
U.S. District Court
100 Federal Plaza
Central Islip NY 11722



CORRECTIONAL FACILITY ★ GREENHAVEN ★ CORRECTIONAL FACILITY

RECEIVED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 19 2013 ★
LONG ISLAND OFFICE

02 1A
000 4623953    $ 00.86⁰
MAILED FROM ZIP CODE 12582   JUN 17 2013
PITNEY BOWES