

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JC McCRARY,

            Petitioner,

            12-cv-2867 (SJF)

    -against-

            **ORDER**

WILLIAM LEE, Superintendent, Green Haven
Correctional Facility,

            Respondent.
------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★    OCT 29 2013    ★

LONG ISLAND OFFICE

FEUERSTEIN, J.

Before the Court in this proceeding seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 are the motions of *pro se* petitioner JC McCrary ("petitioner") seeking: (1) in effect, my recusal from this proceeding pursuant to 28 U.S.C. § 455(a); (2) reconsideration of an order of this Court, entered March 1, 2013, denying his motion for discovery; and (3) summary judgment, or, in the alternative, leave to file a motion for summary judgment, on his Fourth Amendment claim. For the reasons set forth below, petitioner's motions are denied.

I.     Discussion

     A.     Recusal Motion

Petitioner filed a document entitled "Affidavit of Bias or Prejudice 28 U.S.C. 455(a)" ("Aff."), which is construed to be a motion seeking my recusal from this proceeding. Petitioner contends that I am "unable impartially to exercise the functions as judge in this cause," and that I have a "personal bias and prejudice against [him]," (Aff., at 1), because I denied his motion seeking

1

discovery in this habeas proceeding and "refus[ed] to acknowledge Respondent's admissions as evidence that proves [his] allegations of fabrication against Officers Ciaccio and Lopez * * *." (Aff., at 2-3).

28 U.S.C. § 455(a) requires a judge to recuse herself if her "impartiality might reasonably be questioned." See S.E.C. v. Razmilovic, 728 F.3d 71, 86 (2d Cir. 2013). The test under Section 455(a) "deals exclusively with appearances. Its purpose is the protection of the public's confidence in the impartiality of the judiciary." United States v. Amico, 486 F.3d 764, 775 (2d Cir. 2007); see also ISC Holding AG v. Nobel Biocare Finance AG, 688 F.3d 98, 107 (2d Cir. 2012) (holding that Section 455(a) "is to be evaluated on an objective basis, so that what matters is not the reality of bias or prejudice but its appearance." (emphasis, quotations and citation omitted)). The "central focus is on whether [the] allegations [of bias or partiality], when coupled with the judge's rulings on and conduct regarding them, would lead the public reasonably to believe that [the judge's bias or partiality] affected the manner in which he presided." Amico, 486 F.3d at 775; see also In re Basciano, 542 F.3d 950, 956 (2d Cir. 2008). The question is, thus: "[w]ould a reasonable person, knowing all the facts, conclude that the trial judge's impartiality could reasonably be questioned? Or, phrased differently, would an objective, disinterested observer fully informed of the underlying facts, entertain significant doubt that justice would be done absent recusal?" Amico, 486 F.3d at 775 (quoting United States v. Lovaglia, 954 F.2d 811, 815 (2d Cir. 1992)); see also Razmilovic, 728 F.3d at 86 ("[T]he question is whether an objective and disinterested observer, knowing and understanding all of the facts and circumstances, could reasonably question the court's impartiality * * *." (citations omitted)).

"Generally, claims of judicial bias must be based on extrajudicial matters, and adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's

2

impartiality." Chen v. Chen Qualified Settlement Fund, 552 F.3d 218, 227 (2d Cir.2009) (citing Liteky v. United States, 510 U.S. 540, 544, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994)); see also Razmilovic, 728 F.3d at 86 ("To be disqualifying under Section 455, the alleged bias and prejudice must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge has learned from his participation in the case." (emphasis, alterations, quotations and citations omitted)); United States v. Carlton, 534 F.3d 97, 100 (2d Cir. 2008) (holding that recusals pursuant to Section 455(a) are commonly limited to those circumstances in which the alleged partiality stems from an extrajudicial source). "Bias or prejudice connotes an unfavorable opinion that is somehow wrongful or inappropriate because it is undeserved, rests on knowledge one ought not to possess, or is excessive." Groden v. Random House, Inc., 61 F.3d 1045, 1053 (2d Cir. 1995) (internal quotations and citation omitted). "[R]ecusal is not warranted where the only challenged conduct consists of judicial rulings, routine trial administration efforts, and ordinary admonishments to counsel and to witnesses, where the conduct occurs during judicial proceedings, and where the judge neither (1) relies upon knowledge acquired outside such proceedings nor (2) displays deep-seated and unequivocal antagonism that would render fair judgment impossible." Razmilovic, 728 F.3d at 86 (alterations, quotations and citations omitted).

Petitioner seeks my recusal from this proceeding based only upon an unfavorable decision by me with which he disagrees. My denial of petitioner's motion for discovery does not evidence my bias or partiality against him, but only my disagreement with his contentions on that motion. Appeal, not recusal, is the appropriate remedy for unfavorable rulings and/or outcomes in a proceeding. Since no objective observer would be led to question my impartiality in this proceeding based upon one (1) unfavorable decision against petitioner, petitioner's motion seeking my recusal from this proceeding is denied.

B.  Reconsideration

Motions for reconsideration in this district are governed by Local Civil Rule 6.3 ("Local Rule 6.3"), which provides, in relevant part, that a "notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the court's determination of the original motion * * *. There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." The requirements of Local Rule 6.3 are "narrowly construed and strictly applied," Virtual Solutions, LLC v. Microsoft Corp., 925 F. Supp. 2d 550, 571 (S.D.N.Y. 2013) (quotations and citations omitted); see also Ackerman v. Ackerman, 920 F. Supp. 2d 473, 474 (S.D.N.Y. 2013), "so as to avoid duplicative rulings on previously considered issues, and to prevent Rule 6.3 from being used to advance different theories not previously argued or as a substitute for appealing a final judgment." Lothian Cassidy, LLC v. Lothian Exporation & Development II, L.P. 487 B.R. 158, 168 (S.D.N.Y. 2013); Anwar v. Fairfield Greenwich Ltd., 884 F.Supp.2d 92, 96 (S.D.N.Y. 2012).

In determining a motion for reconsideration, the court should consider: (1) whether there has been "an intervening change of controlling law;" (2) whether there is new evidence presented that was not previously available on the original motion; and (3) whether there is a "need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013) (quoting Virgin Atlantic Airways, Ltd. v. National Mediation Board, 956 F.2d 1245, 1255 (2d Cir. 1992)). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-- matters, in other words, that might reasonably be expected to alter the conclusion

reached by the court." Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995). Generally, reconsideration should not be granted where the moving party: (1) seeks to introduce additional facts not in the record on the original motion, see Rafter v. Liddle, 288 Fed. Appx. 768, 769 (2d Cir. Aug. 13, 2008) (holding that motions for reconsideration "are not vehicles for taking a second bite at the apple * * * and [the court] [should] not consider facts not in the record to be facts that [it] 'overlooked.'" (internal quotations and citation omitted)); Redd v. New York State Division of Parole, 923 F. Supp. 2d 393, 396 (E.D.N.Y. 2013) (holding that on a motion for reconsideration, the moving party must "demonstrate that any available factual matters * * * were presented to the court on the underlying motion" and that such motions are "not intended as * * * a chance for a party to take a second bite at the apple." (quotations and citations omitted)); (2) advances new arguments or issues that could have been raised on the original motion, Redd, 923 F. Supp. 2d at 396 ("A motion for reconsideration is not intended as a vehicle for a party dissatisfied with the Court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion * * *." (quotations and citations omitted)); WestLB AG v. BAC Florida Bank, 912 F. Supp. 2d 86, 95 (S.D.N.Y. 2012) (accord); or (3) "seeks solely to relitigate an issue already decided," Shrader, 70 F.3d at 257. It is within the sound discretion of the district court whether or not to grant a motion for reconsideration. See Wultz v. Bank of China Ltd., 291 F.R.D. 42, 44 (S.D.N.Y. 2013); A'Gard v. Perez, 919 F. Supp. 2d 394, 411 (S.D.N.Y. 2013).

Petitioner contends, *inter alia*, that I misapprehended the Supreme Court's holding in Harris v. Nelson, 394 U.S. 286, 89 S. Ct. 1082, 22 L. Ed. 2d 281 (1969), regarding "the pleading requirements necessary to obtain discovery in a habeas corpus proceeding pursuant to 28 U.S.C. § 2254(6)." (Motion for Reconsideration of Motion for Leave for Discovery 28 U.S.C. 2254(6)

["Mot."], at 1). According to petitioner, the holding of the March 1, 2013 order "unfairly raises the bar and requires [him] to present evidence to prove his Brady claim in a motion for discovery." Id. at 4. Petitioner also contends that the March 1, 2013 order "ignor[ed] the obvious deficiencies in Respondent's answer to Petitioner's allegations in his motion for discovery." (Mot., at 5).

Contrary to petitioner's contention, I did not misapprehend the relevant law in determining that discovery is not warranted in this habeas proceeding. Moreover, as set forth more fully below, there are no deficiencies in respondent's answer that I ignored in ruling upon petitioner's motion for discovery. Accordingly, petitioner's motion for reconsideration of the March 1, 2013 order is denied.

C. Summary Judgment

Petitioner seeks summary judgment, or leave to file a motion for summary judgment, on his Fourth Amendment claim on the basis that certain allegations in his petition that were not specifically addressed by respondent must be deemed admitted.

Petitioner's contention is without merit. Rule 81(a)(4) of the Federal Rules of Civil Procedure provides in relevant part, that the Federal Rules of Civil Procedure "apply to proceedings for habeas corpus * * * to the extent that the practice in those proceedings: (A) is not specified in a federal statute, [or] the Rules Governing Section 2254 Cases * * *; and (B) has previously conformed to the practice in civil actions." Rule 8 of the Federal Rules of Civil Procedure governs the general rules of pleading in civil actions and provides, in relevant part: (1) that "[a] pleading that states a claim for relief must contain: * * * a short and plain statement of the claim showing that the pleader is entitled to relief * * *," Fed. R. Civ. Pro. 8(a)(2); (2) that "[i]n

6

responding to a pleading, a party must: * * * admit or deny the allegations asserted against it by an opposing party," Fed. R. Civ. Pro. 8(b)(1)(B); and (3) that "[a]n allegation * * * is admitted if a responsive pleading is required and the allegation is not denied. * * *," Fed. R. Civ. Pro. 8(b)(6). Thus, if Rule 8 of the Federal Rules of Civil Procedure is applicable to Section 2254 habeas proceedings, petitioner's contention, i.e., that respondent's failure to specifically deny certain allegations in his petition results in those allegations being deemed admitted, would be correct.

However, the pleadings practice in Section 2254 habeas proceedings is specified in federal statutes and the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"), thus rendering Rule 8 of the Federal Rules of Civil Procedure inapplicable to such proceedings. Specifically, unlike Rule 8(a)(2)'s pleading standard, i.e., that a complaint contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Rule 2(c) of the Section 2254 Rules provides, in relevant part, that "[t]he petition must: (1) specify all the grounds for relief available to the petitioner; [and] (2) state the facts supporting each ground * * *." In addition, 28 U.S.C. §2242 provides, in relevant part, that a petition for a writ of habeas corpus "allege the facts concerning the applicant's commitment or detention, the name of the person who has custody over him and by virtue of what claim or authority, if known."

28 U.S.C. § 2243 requires only that in response to a petition seeking a writ of habeas corpus, the respondent "make a return certifying the true cause of the [petitioner's] detention." In addition, Rule 5 of the Section 2254 Rules sets forth the pleading requirements of a respondent's answer to a Section 2254 habeas petition. Although Rule 5(b) of the Section 2254 Rules provides that the respondent's answer "must address the allegations in the petition" and "must state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-

7

retroactivity, or a statute of limitations," unlike Rule 8(b)(6) of the Federal Rules of Civil Procedure, neither Rule 5, nor any other Section 2254 Rule or federal statute, provides that any allegation in a Section 2254 habeas petition that is not specifically denied or addressed by the respondent is deemed admitted. To the contrary, 28 U.S.C. § 2248 explicitly provides that "[t]he allegations of a [respondent's] return to the writ of habeas corpus or of a[] [respondent's] answer to an order to show cause in a habeas corpus proceeding, if not traversed [i.e., denied by the petitioner under oath, see 28 U.S.C. § 2243], shall be accepted as true except to the extent that the judge finds from the evidence that they are not true." Thus, it is clear that had Congress intended the same to hold true for a respondent's failure to deny or address the allegations in a Section 2254 habeas petition, it would have expressly done so by statute.

The Supreme Court case cited by petitioner, <u>Walker v. Johnston</u>, 312 U.S. 275, 61 S. Ct. 574, 85 L. Ed. 2d 830 (1941), is not to the contrary and does not support petitioner's contention that "[r]espondent's failure to address or deny [certain] allegations in its answer are deemed admitted for the purpose of this habeas corpus proceeding." (Letter motion from petitioner to the Court dated March 11, 2013, at 1). The only other case cited by petitioner, <u>Chavez v. Morgan</u>, 932 F. Supp. 1152 (E.D. Wis. 1996), is not binding upon this Court and, in any event, does not support the proposition that a failure to address allegations in a Section 2254 petition results in the unaddressed allegations being deemed admitted. Accordingly, petitioner's contention that the allegations in his petition that have not been specifically denied or addressed by respondent must be deemed admitted is without merit. <u>See, e.g.</u> <u>Townsville v. Erickson</u>, Civ. Action No. 06-1595, 2007 WL 2892001, at * 1 n. 1 (E.D. Pa. Oct. 3, 2007) (rejecting as unavailing the petitioner's argument that the court should have deemed admitted any averments in the habeas corpus petition

that were not specifically denied by the respondent). Since petitioner's motion seeking summary judgment, or leave to move for summary judgment, on his Fourth Amendment claim is based entirely upon his erroneous contention that certain allegations in the petition must be deemed admitted, the motion is denied.

II. Conclusion

For the reasons set forth herein, petitioner's motions seeking my recusal from this proceeding; reconsideration of my March 1, 2013 order; and summary judgment, or leave to move for summary judgment, on his Fourth Amendment claim are denied.

SO ORDERED.

s/ Sandra J. Feuerstein

SANDRA J. FEUERSTEIN
United States District Judge

Dated: October 29, 2013
 Central Islip, New York