UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JC McCRARY,

                Petitioner,

-against-

WILLIAM LEE, Superintendent, Green Haven
Correctional Facility,

                Respondent.
------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★  SEP 2 6 2014  ★

LONG ISLAND OFFICE

ORDER
12-CV-2867 (SJF)

FEUERSTEIN, District Judge:

Before the Court is JC McCrary's ("petitioner") partial motion for summary judgment on his Brady prosecutorial misconduct claim. DE 24. For the following reasons, petitioner's motion is **DENIED**.

## Background

On June 4, 2012, petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. DE 1. The government filed its response to the petition on August 23, 2012 and petitioner filed his reply on September 14, 2012, including a letter requesting permission to file a motion for summary judgment pursuant to Federal Rule of Civil Procedure (FRCP) 56(c) on the *Brady* prosecutorial misconduct claim in his habeas petition. DE 8, 10. The government opposed the motion stating that petitioner failed to show the lack of a genuine dispute as to the material facts surrounding his *Brady* claim and, therefore, was not entitled to judgment as a matter of law. DE 12. By letter filed December 17, 2012, petitioner argued that the government failed to specifically deny his allegations concerning the *Brady* claim and therefore abandoned "any pretense of defending against [p]etitioner's *Brady* claims by not specifically denying any of the factual allegations in support of those claims." DE 13 p. 1. By Order dated October 29,

2013, petitioner's request for summary judgment was denied based on, *inter alia*, his "erroneous contention that certain allegations in the petition must be deemed admitted" because there were not specifically denied by the government. DE 23 pp. 8-9.

## Discussion

On January 23, 2014, petitioner filed the instant motion to compel the Court to apply FRCP 8(b)(6) to the government's failure to deny his allegations in support of the *Brady* claim and to grant him summary judgment based on respondent's failure to raise a genuine issue of material fact. DE 24. He argues that "although the court denied Petitioner summary judgment on his 4th amendment claim . . . the court left unanswered Petitioner's request for summary judgment on his *Brady* claim." *Id.*

Because petitioner's motion requests the same relief previously denied by the Court, i.e., judgment as a matter of law on his *Brady* claim based on FRCP 8, it is properly construed as a motion for reconsideration or reargument. Pursuant to Local Civil Rule 6.3, a notice of motion for reconsideration or reargument "shall be served within fourteen (14) days after entry of the Court's determination of the original motion." In this case, petitioner's summary judgment motion, or request for leave to file a summary judgment motion, was denied on October 29, 2013. Petitioner's motion for reconsideration was filed January 23, 2014, which amounts to approximately eighty-five (85) days and is well beyond the applicable time limit for serving such a motion.

## Conclusion

Based on the foregoing, petitioner's motion is time-barred and is therefore **DENIED**. The court certifies that any appeal from this Order would not be taken in good faith and therefore

*in forma pauperis* is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: September 26, 2014
      Central Islip, New York

                                        s/ Sandra J. Feuerstein
                                        Sandra J. Feuerstein, U.S.D.J.