UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
J.C. McCRARY,

                Petitioner,

    -against-

WILLIAM LEE, Superintendent of
Green Haven Correctional Facility,

                Respondent.
---------------------------------------------------------------X
FEUERSTEIN, J.

12-CV-2867 (SJF)

**OPINION & ORDER**

Before the Court is J.C. McCrary's ("Petitioner") motion to reconsider and amend the Court's prior Order denying his petition for a writ of habeas corpus.[1] Petitioner seeks this relief under Rules 52(b) and 59(e) of the Federal Rules of Civil Procedure.[2] For the following reasons, the Court does reconsider its McCrary I Opinion and Order, but adheres to its original determinations therein.

---

[1] See McCrary v. Lee, No. 12-cv-2867, 2015 WL 1968869, at *10 (E.D.N.Y. Apr. 27, 2015) ("McCrary I").

[2] Petitioner frames his motion as one seeking relief under Rules 52(a) and 59(e). (See Mot. (Dkt. 40) at 1). Rule 52(a) sets forth certain standards courts are to apply in documenting their findings and conclusions. See Fed. R. Civ. P. 52(a). Rule 52(b) provides, in pertinent part, that a "court may amend its findings – or make additional findings – and may amend the judgment accordingly," and that a party may seek relief under Rules 52(b) and 59 concurrently. See Fed. R. Civ. P. 52(b). Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Accordingly, the Court treats Petitioner's motion as one seeking reconsideration and amendment of the McCrary I Opinion and Order under Rules 52(b) and 59.

**I.     Background**

The factual and procedural history of this case is set forth in greater detail in McCrary I. (See McCrary I (Dkt. 38) at 1-8). The relevant background for present purposes is as follows.

On June 4, 2012, Petitioner filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state imprisonment following conviction for first degree robbery and second and third degree criminal possession of a weapon. (See Pet. (Dkt. 1)). Petitioner alleged that his state court conviction was constitutionally infirm for the following reasons: (i) the government failed to establish probable cause for his arrest; (ii) the state trial court unreasonably denied his request to reopen a suppression hearing despite Petitioner's argument that one police officer's trial testimony concerning events leading up to his arrest was inconsistent with another officer's suppression hearing testimony; (iii) the State failed to disclose purportedly exculpatory material as mandated by Brady v. Maryland, 373 U.S. 83 (1963); (iv) the state court unreasonably denied Petitioner's motion to vacate its judgment of conviction under New York Criminal Procedure Law ("CPL") § 440.10 in the face of the supposed Brady violation; and (v) the state court was biased against Petitioner. (See id. at 1-43).[3]

On April 27, 2015, the Court rejected each of Petitioner's arguments and held that he was not entitled to a writ of habeas corpus. (See McCrary I (Dkt. 38)). On May 25, 2015, Petitioner filed this motion, requesting that the Court reconsider and alter its McCrary I Opinion and Order

---

[3] Petitioner also alleged that his Sixth Amendment right to effective assistance of counsel was violated by his appellate counsel's purportedly ineffective assistance. (See Pet. (Dkt. 1) at 44-51). The Court rejected this argument (see McCrary I (Dkt. 38) at 18-19), and Petitioner does not seek reconsideration of that branch of the Court's McCrary I Opinion and Order. (See Mot. (Dkt. 40), *passim*).

pursuant to Rule 59(e) "on the grounds of manifest injustice caused by the [Court's] failure to make pertinent findings of fact on contested matters" in accordance with Rule 52. (Mot. (Dkt. 40) at 2).[4] Petitioner contends that the Court either failed to address and/or insufficiently addressed certain of his arguments and excerpts from the state court record that, according to Petitioner, should bear (or have greater bearing) on the Court's consideration of: (i) his Fourth Amendment claim (see id. at 3-6); (ii) his claim that the state court's denial of his request to reopen the suppression hearing violated his due process rights (see id. at 6-13); (iii) his claim that the state court improperly denied his CPL § 440.10 motion to vacate the judgment in the face of the State's alleged Brady violation (see id. at 13-17); and (iv) his claim that the state court's decision to deny his CPL § 440.10 motion to vacate the judgment was motivated by bias (see id. at 18-21).

## II. DISCUSSION

### A. Legal Standard

A motion for reconsideration and amendment of a prior court order "will be denied unless the moving party can point to controlling decisions or data that the court overlooked ... that might reasonably be expected to alter the conclusion reached by the court." Aguiar v. U.S., No. 01-cv-4117, 2011 WL 5411177, at *3 (E.D.N.Y. Nov. 8, 2011) (quoting Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995)); accord Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012). In order to prevail on a reconsideration motion, the moving party

---

[4] It appears that on February 8, 2016 Petitioner also filed a petition for writ of mandamus in the United States Court of Appeals for the Second Circuit.

must do more than rehash his previous arguments or express his disagreement with the court's determination of those arguments. See Aguiar, 2011 WL 5411177, at *3 ("a motion for reconsideration is not a means to reargue issues already settled when the party does not like how the issues were resolved") (internal citations omitted); Pena v. Bellnier, No. 09-cv-8834, 2012 WL 4558511, at *1 (S.D.N.Y. Sept. 29, 2012) (denying petitioner's motion for reconsideration of prior order where he "raised all of the claims asserted in the [motion for reconsideration]" in the underlying habeas proceeding).

Additionally, the American Effective Death Penalty Act ("AEDPA"), which explicitly prohibits successive habeas petitions challenging state custody,[5] also prevents a prisoner whose habeas petition was denied on the merits from mounting a second challenge to his state custody under the guise of a motion for reconsideration. See, e.g., Pena, 2012 WL 4558511, at *1 ("if a motion to reconsider a denial of a habeas petition argues the merits of a claim previously raised in the prior habeas proceeding, the claim must be dismissed" under AEDPA) (citing Gonzalez v. Crosby, 545 U.S. 524, 531 (2005)); Aguiar, 2011 WL 5411177, at *3 ("end-runs around the ability of a petitioner to file more than one habeas petition [are] impermissible under the gatekeeping provisions of [AEDPA]"). "Only when a motion for reconsideration under Rule 60(b) or Rule 59(e) 'attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings,' is the motion not barred under AEDPA." Pena, 2012 WL 4558511, at *1 (quoting Gonzalez, 545 U.S. at 532).

---

[5] 28 U.S.C. § 2244(b)(1) provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."

4

### B. Petitioner's Challenges to McCrary I

Petitioner argues, in essence, that the Court failed to consider and/or incorporate into McCrary I a farrago of arguments and excerpts from the state court record in reaching its conclusion that he is not entitled to habeas relief. Petitioner does nothing more than rehash issues that were already presented to the Court and that the Court already considered, which mandates dismissal under AEDPA. See, e.g., Pena, 2012 WL 4558511, at *1. Even so, the Court separately addresses each branch of its McCrary I Opinion and Order that Petitioner challenges.

#### 1. *Petitioner's Arguments Regarding Lack of Probable Cause and the State Court's Denial of His Request to Reopen the Suppression Hearing*

In his habeas petition, Petitioner argued, in sum and substance, that (i) the trial testimony of one arresting officer (Officer Ciaccio) contradicted the suppression hearing testimony of another arresting officer (Officer Hillman); (ii) the contradictory testimony negated the State's position that the police had probable cause to arrest Petitioner; and (iii) the trial court's denial of Petitioner's request to reopen the suppression hearing to present his Fourth Amendment argument (and the Appellate Division's subsequent denial of his appeal) arbitrarily stripped Petitioner of his ability to present exculpatory evidence in violation of due process. (See Pet. (Dkt. 1) at 17-32). After fully considering the state court record before it and Petitioner's Fourth Amendment and due process arguments, the Court held that (i) Petitioner was afforded, and took full advantage of, adequate state court procedures to litigate his Fourth Amendment claims, thus foreclosing the possibility of federal habeas relief on exclusionary rule grounds under Stone v. Powell, 428 U.S. 465 (1976); and (ii) the state court's denial of Petitioner's request to reopen the

suppression hearing was a state-law evidentiary ruling not within the scope of federal habeas review. (See McCrary I (Dkt. 38) at 10-13).

In his motion for reconsideration, Petitioner contends that the Court "failed to mention and discuss" a potpourri of Petitioner's arguments and/or excerpts from the state court record in reaching its conclusions, suggesting that the Court was obliged to incorporate each of his arguments into its McCrary I Opinion and Order verbatim. (See Mot. (Dkt. 40) at 3-13). Petitioner's attempt to re-assert the same arguments he raised in the habeas proceeding with the hope of a different outcome mandates dismissal under AEDPA. See, e.g., Gonzalez, 545 U.S. 524, 531 (2005); Pena, 2012 WL 4558511, at *1. In any event, the various items from the state court record that Petitioner cites and the arguments that Petitioner raises (see Mot. (Dkt. 40) at 3-13) do nothing to alter the Court's earlier determinations that (i) Petitioner was afforded, and took full advantage of, adequate state court procedures to litigate his Fourth Amendment claims, and (ii) the state court's denial of Petitioner's request to re-open the suppression hearing constituted a state-law evidentiary ruling not within the scope of federal habeas review. In short, Petitioner's arguments do not justify any alteration of the Court's McCrary I Opinion and Order. See Aguiar, 2011 WL 5411177, at *3.

Accordingly, upon reconsideration, the Court adheres to its original determination. Petitioner's arguments concerning a purported lack of probable cause to support his arrest and violation of his due process rights through the denial of his request to reopen the suppression hearing do not entitle him to habeas relief.

### 2. *Petitioner's Arguments Regarding the State's Purported Brady Violation and the State Court's Denial of His Motion to Vacate its Judgment*

In his habeas petition, Petitioner argued that (i) the State *may* have attempted to conceal the whereabouts of two police officers involved in Petitioner's arrest by producing radio transmission and GPS records from the officers' squad car that contained a three (3) minute and twenty (20) second "gap" in the time immediately preceding Petitioner's arrest; (ii) had these records been produced without this gap, they *may* have helped Petitioner establish that the police lacked probable cause to arrest him, and thus *may* have been exculpatory; (iii) the State's failure to produce such records without this gap constituted a Brady violation; and (iv) the state court unreasonably denied Petitioner's CPL § 440.10 motion to vacate its judgment of conviction in the face of this hypothetical Brady violation. (See Pet. (Dkt. 1) at 32-41). After fully considering the state court record before it and Petitioner's Brady-related arguments, this Court rejected as a matter of law Petitioner's argument that the State's failure to produce a gap-free radio / GPS log violated Petitioner's due process rights. (See McCrary I (Dkt. 38) at 13-14). This Court agreed with the state court's conclusion that Petitioner, whose Brady arguments were entirely conjectural, failed to establish that the purported "gap" contained *any* information regarding the location of the two officers in question, let alone any exculpatory information. (See id.).[6]

In his motion for reconsideration, Petitioner contends that the Court "made a manifest error of law and fact ... by failing to mention and discuss" a plethora of Petitioner's arguments

---

[6] Additionally, the state court rejected Petitioner's Brady arguments on the ground that Petitioner was in possession of the radio / GPS logs prior to trial and, despite ample opportunity, failed to raise the "gap" issue until he filed his CPL § 440.10 motion to vacate the judgment.

7

and other items from the state court record that Petitioner already presented in his habeas petition. (See Mot. (Dkt. 40) at 13-17). Again, Petitioner is simply re-asserting his prior arguments, which alone justifies dismissal under AEDPA. See, e.g., Gonzalez, 545 U.S. 524, 531 (2005); Pena, 2012 WL 4558511, at *1. In any event, the various items from the state court record and the various arguments Petitioner presents in his motion do not alter the Court's analysis from McCrary I.

Accordingly, upon reconsideration, the Court adheres to its original determination. Petitioner's arguments concerning a purported Brady violation and the state court's denial of his CPL § 440.10 motion to vacate the judgment do not entitle him to habeas relief.

### 3. *Petitioner's Arguments Regarding the State Court's Purported Bias*

In his habeas petition, Petitioner argued that the Honorable Joseph C. Calabrese, the Nassau County Court judge who presided over Petitioner's suppression hearing and later denied his CPL § 440.10 motion, was biased against Petitioner and thus could not have appropriately decided his CPL § 440.10 motion. (See Pet. (Dkt. 1) at 39-43). This Court held that Petitioner's claim regarding Judge Calabrese's purported bias was legally barred under the doctrine of procedural default, as Petitioner did not fairly present this argument to the state court and the narrow exceptions to the procedural default doctrine were inapplicable. (See McCrary I (Dkt. 38) at 14-18).

In his motion for reconsideration, Petitioner again contends that this Court "made a manifest error of law and fact ... by failing to mention and discuss" a menagerie of Petitioner's arguments and other items from the state court record that Petitioner already presented in his

8

habeas petition. (See Mot. (Dkt. 40) at 18-21). Again, Petitioner is just repackaging and regurgitating his prior presentation to this Court, which alone justifies dismissal under AEDPA. See, e.g., Gonzalez, 545 U.S. 524, 531 (2005); Pena, 2012 WL 4558511, at *1. In any event, the various items from the state court record and the various arguments Petitioner presents in his motion do not alter the Court's McCrary I analysis.

Accordingly, upon reconsideration, the Court adheres to its original determination. Petitioner's arguments concerning the purported bias of the state court do not entitle him to habeas relief.

### III. Conclusion

For the reasons stated herein, to the extent Petitioner's motion seeks reconsideration of McCrary I, it is granted, and upon reconsideration the Court adheres to its original determinations therein.

SO ORDERED.

Dated: March 15, 2016
      Central Islip, New York

                                                                         */s/ Sandra J. Feuerstein*
                                                                         Sandra J. Feuerstein, U.S.D.J.